ORIGINAL

FILED
APR 27 2006
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOUGLAS S. JOHNSON, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | 06-334 C CASE NO. COMPLAINT |

**COMPLAINT**

**I. INTRODUCTION**

1. This civil action is brought on behalf of plaintiff Douglas S. Johnson who is employed by the defendant United States America, (hereinafter "defendant"), employed presently at the Department of Homeland Security ("DHS" hereinafter), Customs and Border Protection ("CBP") and formerly at the Bureau of Immigration and Customs Enforcement ("ICE") as a Senior Marine Enforcement Officer. Mr. Johnson seeks to recover from defendant back pay, liquidated damages, interest, attorney's fees and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "FLSA").

**II. JURISDICTION**

2. This Court has jurisdiction over plaintiff's claims pursuant to 5 U.S.C. § 5596 and § 8715, 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1361, 28 U.S.C. § 1491, 28 U.S.C. §§ 2501, 2516 and 2517 and 29 U.S.C. § 216(b).

**III. THE PARTIES**

3. The individual plaintiff identified in the caption of plaintiff's Complaint, and other persons similarly situated, are all

present or former employees of the defendant within the meaning of § 3(e) of FLSA, 29 U.S.C. § 203(e), and 5 U.S.C. § 2105.

4. Attached to plaintiff's Complaint is plaintiff's signed individual consent to be included as party to this action.

5. The individual plaintiff and others similarly situated are or have been employed by defendant during pay periods from 2003 to date.

**V. GENERAL ALLEGATIONS**

6. Defendant and its officers and agencies are responsible under the United States Constitution, Federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to the plaintiff and others similarly situated the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

7. As is more fully set forth below, the defendant and its officers and agencies wilfully have violated, and continue wilfully to violate, the provisions of the FLSA and the leave, holiday and premium pay provisions of Title 5 of the U.S. Code by wrongfully and wilfully failing and refusing to provide the plaintiff and other employees similarly situated with pay and benefits due them under the FLSA and 5 U.S.C. §§ 5542, 5543, 5545, 5546, 6103, 6303, 6307, 6322 and 6323 and implementing regulations of defendant.

8. Since at least 2003, while plaintiff has been employed by defendant at grade levels including but not limited to GS-11 - GS-12, defendant has considered plaintiff as being "FLSA exempt" and has not accorded plaintiff the rights to which FLSA non-exempt employees of defendant are entitled.

9. Since at least 2003, while plaintiff occupied positions in grade levels including but not limited to GS-11 - GS-12 as alleged in paragraph 9 above, plaintiff was not employed by defendant in an exempt capacity within the meaning of 29 U.S.C. § 213(a)(1).

10. Since at least 2003, while plaintiff was employed by defendant he was FLSA non-exempt since he was not a salaried employee within the meaning of 29 U.S.C. § 213(a)(1) and 29 C.F.R. §§ 541.1, 541.2 and 541.3.

**V. COUNT ONE**

11. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 10 above.

12. Defendant and its officers and agencies have at least from 2003 and continuing to date wrongfully and wilfully denied plaintiff and others similarly situated coverage under FLSA and have wrongfully and wilfully withheld overtime compensation due plaintiff and others similarly situated by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty each week. Such overtime hours include but are not limited to hours during which defendant and its officers and agents directed and/or suffered or permitted plaintiff to work without paying him any compensation whatsoever, including travel, training and other work performed by plaintiff on defendant's behalf.

**VI. COUNT TWO**

13. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 12 above.

14. From at least 2003 and continuing to date defendant has wrongfully and wilfully denied plaintiff and others similarly situated coverage under FLSA and has wrongfully and wilfully withheld overtime

compensation due such plaintiff and others similarly situated by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty each week, and otherwise depriving them of overtime compensation to which they were entitled under FLSA, or otherwise.

**VII. COUNT THREE**

15. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 14 above.

16. From at least 2003 and continuing to date defendant has wrongfully and wilfully denied plaintiff and others similarly situated coverage under FLSA and has wrongfully and wilfully withheld overtime compensation due such plaintiffs and others similarly situated by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty each week, by failing to compensate plaintiffs with FLSA overtime for FLSA travel status overtime hours, for regularly scheduled and administratively uncontrollable overtime, hazardous duty pay, for training performed outside their regular tours of duty, and otherwise depriving them of overtime compensation to which they were entitled under FLSA, or otherwise.

**VIII. COUNT FOUR**

17. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 16 above.

18. From at least 2003 and continuing to date the individual plaintiff and others similarly situated have taken annual, sick, jury, injury, witness, administrative and military leave, paid holidays, excused absences and other similar paid absences which plaintiffs were entitled to enjoy under applicable federal laws and regulations without suffering a loss of, or reduction in, pay, including FLSA overtime

compensation. Notwithstanding the foregoing, defendant denied plaintiffs such overtime compensation by failing to treat the foregoing periods of leave, holidays and paid absences as "time worked" for the purposes of computing such FLSA overtime compensation.

**IX. COUNT FIVE**

19. As a result of the wrongful and willful violations of law by defendant and its officers and agencies as alleged in the claims specified above, there is due and owing to the individual plaintiff and others similarly situated various amounts of back pay, liquidated damages, interest, attorney's fees and costs.

20. Employment, time, work, pay, leave and other records for each individual plaintiff and others similarly situated are in the possession, control, and custody of defendant and its officers and agencies, and plaintiff is unable to state at this time the exact amounts of pay, benefits, liquidated damages and interest which are due and owing to him with respect to his individual claims. Defendant and its officers and agencies are under a duty imposed by § 11(c) of FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to plaintiff and others similarly situated from which the amounts of defendant's liability may be determined.

**WHEREFORE**, the plaintiff, on his own behalf and on behalf of others similarly situated, pray that this Court:

a) Order defendant, subject to rules and regulations to be established by this Court which conform with FLSA and Title 5 of the U.S. Code, to conduct a full, complete and accurate accounting of all back overtime, premium and other pay, leave, holiday and excused and other

paid absence compensation, and benefits, interest and liquidated damages due and owing to plaintiff and others similarly situated as is sought herein from 2003 to a date which is not more than 30 days before the date on which the judgment herein is paid; and

b) Award plaintiff and other similarly situated persons such back pay, leave, absence and holiday compensation, liquidated damages and interest under the Back Pay Act from the date of the denial of such pay and compensation until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by defendant under applicable federal laws and regulations; and

c) Award plaintiff's counsel reasonable attorney's fees to be paid by the defendant under FLSA, the Back Pay Act and the Equal Access to Justice Act; and

d) Grant to plaintiff such other relief as may be just and proper.

Respectfully submitted,

Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036
(202) 296-1798

OF COUNSEL:
Linda Lipsett

Edgar James
James & Hoffman
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
(202) 496-0500

Attorneys for Plaintiff

Dated: April 27, 2006

CONSENT TO BE A CLAIMANT UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")
AND CONTINGENT FEE AGREEMENT

1. I have been an employee in with a law enforcement agency of the United States Government. I consent to be a plaintiff in a lawsuit brought on my behalf and on behalf of other persons against the United States asserting my rights under the Fair Labor Standards Act. My claims include but are not limited to the failure of the United States to pay me overtime compensation because I have been treated incorrectly as being exempt from FLSA coverage or otherwise not paid in accordance with Title 5 of the United States Code. Any of the plaintiffs in the lawsuit, jointly or severally, may serve as my representative.

2. I authorize the law firm of Bernstein & Lipsett, P.C. ("the Firm"), to represent me concerning my claims, including seeking back wages, liquidated damages, interest, attorney's fees and costs. The Firm (acting through Jules Bernstein, Linda Lipsett, and other attorneys authorized by them, including, at their discretion, Edgar James of the law firm of James & Hoffman, P.C.) may file this consent in court and take all necessary actions including the settlement and collection of any and all of my claims.

3. In consideration of the Firm's services, I agree that it shall receive 25% (twenty-five percent) of my recovery as a legal fee in addition to whatever statutory fees and costs they may be able to recover. I further agree, authorize and direct that any checks issued by the United States to me in connection with my claims shall be paid to the Firm as trustee on my behalf. After attorney's fees are deducted therefrom the balance shall be forwarded to me by the Firm. If the complaint and/or claims brought on my behalf result in no recovery, I will have no obligation to pay attorney's fees.

4. I understand that under Section 15(a)(3) of FLSA I cannot be discharged, disciplined, or otherwise penalized by my employer because of my having filed a FLSA lawsuit and/or claim.

**PLEASE TYPE OR PRINT CLEARLY**

**AGREED:** DATE: 02/23/06

Name: Douglas Scott Johnson

Signature: Douglas Scott Johnson

Home Address: 16521 NW 22nd St

Pembroke Pines, FL 33028
City State Zip Code

Home Tel. No. 954 441-5422

Work Tel. No. 305 522-4638

Home E-mail Address: DJ3182@Hotmail.com

Work E-mail Address: Douglas.Johnson@DHS.GOV

Soc. Sec. No. 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

**AGREED:**

Jules Bernstein

Linda Lipsett

Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798

Date: 4-27-06

Indicate the agency by which you were employed during the years in question, the grade, the month your grade changed and the job title and occupational code. If retired, indicate retirement date.

| YEAR | AGENCY | GRADE | MONTH | JOB TITLE & OCC CODE |
|---|---|---|---|---|
| 2003 | ICE | 11-2 | Sept | MEO - 1801 |
| 2004 | ICE | 12-1 | JAN | SMEO-1801 |
| 2005 | CBP | 12-2 | JAN | SMEO-1801 |
| 2006 | CBP | 12-3 | JAN | SMEO-1801 |

2006 CUSTMEO